Hill, Betts & Nash LLP
14 Wall Street, Suite 5H
New York, NY 10005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ABSOLUTE NEVADA, LLC,

                *Plaintiff,*

-against-

GRAND MAJESTIC RIVER BOAT COMPANY, LLC,

                *Defendant.*

-------------------------------------------------------x

1:19-cv-11479 (PKC)

**ABSOLUTE NEVADA, LLC'S APPLICATION FOR AN ORDER TO SHOW CAUSE**

    Plaintiff, Absolute Nevada, LLC ("AN"), by its undersigned counsel, respectfully submits this Application for an Order to Show Cause relating to its accompanying motion for civil contempt against Joseph L. Baer ("Baer"), individually and/or as President of defendant, Grand Majestic Riverboat Company, submitted together with the supporting memorandum of law, and declarations of plaintiff's Managing Director, Vicki L. Porter ("Porter"), and counsel, James D. Kleiner ("Kleiner"), and exhibits hereto, based on the following:

    1.    On December 16, 2019, plaintiff commenced this action by order to show cause, requesting a temporary restraining order enjoining defendant from specific actions against plaintiff, and to show cause why a preliminary injunction should not be issued against defendant. (Doc. 1).

    2.    On December 23, 2019, this Court granted plaintiff's application for a temporary restraining order enjoining defendant from instituting any litigation in any other forum, other than the arbitration panel or this Court. (Doc. 7).

{NY226751.2 }

3.      On January 6, 2020, this Court so ordered and entered a Stipulation and Order ("the Order") (Doc. 19), which as demonstrated in the motion applied to Baer individually and as President of GMRC. (See Kleiner Decl. Exh. 1.).

4.      As explained in plaintiff's motion, the following provides clear and convincing evidence of several instances where Baer has deliberately disregarded the specific provisions of the Order, namely:

>   (a)     despite the Order's requirement that he shall not "in any way" "interfere" or "obstruct" or "damage" AN (Order ¶¶1 and 8), Baer has continued to stalk its vessel M/V AMERICANA (the "Vessel"), waiting and watching for an opportunity to maximize the damage that he causes to AN;
>
>   (b)     thus, on June 15, 2020, only days after the Vessel completed its refurbishment and the U.S. Coast Guard issued its Certificate of Inspection, Baer made good on his previous threats when he emailed to Porter a "Notice of Claim of Lien" against the Vessel (having re-characterized his personal "services" claim as "Seaman's Wages" claim), so as to impede AN's latest efforts to sell or charter the Vessel, Porter Decl. ¶20; Porter Decl. Exh. 3;
>
>   (c)     despite the Order's requirement that he and GMRC withdraw and remove harmful statements or postings (Order ¶6), he had evidently refused to withdraw or remove his earlier claims, made to Lockheed Martin that GMRC as charterer controls the Vessel and/or (until June 30, 2020, when he appears to have belatedly removed the post under threat of this motion) on social media that M/V AMERICANA is chartered by GMRC and "is the newest addition to our growing fleet," Porter Decl. Exh. 5;

(d)      Baer, in violation of Order ¶¶1 and 8, has recently made multiple threats by phone and email to AN's counsel, including threatening to arrest the Vessel in Florida, "bring down" litigation on AN and counsel, report its counsel for imagined ethical violations, Kleiner Decl. ¶¶8-10; Kleiner Decl. Exhs. 4-6, and under the pretense of offering settlement, seeking to extort $400,000 from AN. Kleiner Decl. Exh. 5.

(e)      Baer's threats to arrest the Vessel and his Notice of Claim of Lien also violate ¶4 of the Order in which GMRC, its officers, directors, etc., et al., acknowledged and agreed that they have no right to lien or other right or claim over the Vessel;

(f)      in violation of the obligation to arbitrate in Order ¶2, in January and February, 2020, he and GMRC failed comply with the directions of the arbitrators and refused to cooperate in arbitrating the parties' residual claims in the arbitration (which his counsel stated on the record included Baer's personal claim for "services");

(g)      most recently, also in violation of Order ¶2, he has denied that his personal "services" claim (re-characterized as "seaman's wages") is subject to arbitration, despite his and GMRC's counsel agreeing to this, on the record, before the arbitrators (see, Kleiner Decl. Exh. 4, see the penultimate bullet) and despite his consenting to the obligation imposed by the Order (in ¶2), that any and all claims "*in any way relating to the Vessel*" shall be "limited to damages" (as opposing to liening or arresting the Vessel) and "arbitrated in the pending New York arbitration"; and

{NY226751.2 }

(h) Baer has even repudiated the jurisdiction of the Court, despite his agreement to the Order's express provision (in ¶2) that "the Court retain[] jurisdiction as may be needed in aid of said arbitration and/or to enforce this Stipulation and Order" (and despite his filing, on July 1, 2020, before this Court for the personal relief described in paragraph 5, below).

5. In preparing to file this application and AN's motion, at about 4:40 p.m. today, AN's counsel received by email, Baer's *pro se* Response to AN's letter motion to re-open the case and for leave to file this motion for contempt. A copy is attached as Exhibit 7 the Kleiner Declaration. Baer has styled it as a motion to dismiss this action, for sanctions and contempt; and he is seeking: (1) to sanction AN and AN's counsel; (2) to refer AN's counsel to the local and state bar associations; and (3) to award punitive damages and attorneys' fees.

6. AN and its counsel respectfully request until July 7, 2020, to review and respond to Baer's motion, which appears to be a continuation of his ongoing efforts to harass AN and its counsel. Baer's motion is not discussed elsewhere in AN's papers, but it appears to demonstrate his ongoing disregard of the Order, which is the subject of AN's motion.

7. The plaintiff therefore submits this Application for an Order to Show Cause, in the proposed form attached, requiring Joseph L. Baer to show cause why he should not be held in civil contempt.

8. Jurisdiction and venue are proper over this matter pursuant to the provisions of Article III, Section 2, of the United States Constitution and Section 1333 of Title 28, United States Code. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure; and pursuant to Paragraph 2 of the Order, reflecting the parties agreement to this Court "retaining

jurisdiction as may be needed in aid of said Arbitration and/or to enforce this Stipulation and Order. Kleiner Decl. Exh. 1, pp. 1-2, ¶ 2.

9.  This Court's exercise of personal jurisdiction over Baer is amply warranted, as demonstrated in paragraph 4(f)-4(h), and as demonstrated in AN's motion.

**WHEREFORE**, the plaintiff respectfully requests that the Court enter an Order to Show Cause in the proposed form filed herewith:

A.  Directing Joseph L. Baer be summoned to appear at this Court on a date convenient to the Court to show cause why this Court should not enter an Order against him for civil contempt of this Court's Order, entered on January 6, 2020 (Doc. 19), as follows:

 1. Adjudging Joseph L. Baer to be in contempt;

 2. Requiring Joseph L. Baer, within two (2) days of the issuance of the Court's Order, to withdraw any Notice of Claim of Lien against the Vessel and to deliver the Waiver & Release in the form attached hereto as Exhibit A, duly signed by Joseph L. Baer and acknowledged before a notary;

 3. Requiring Joseph L. Baer to pay $10,000.00 for each day that he fails to comply with the requirements of decretal 2 above;

 4. Requiring Joseph L. Baer to pay expenses, including reasonable attorneys' fees, that plaintiff has incurred in bringing this contempt motion and proof of which plaintiff shall submit to this Court on notice;

 5. That the Court order such other and further relief as may be necessary and appropriate to achieve compliance with the provisions of the Order; and

B.  That without good cause shown, Joseph L. Baer shall be held in civil contempt of the Court's Order, entered January 6, 2020, as itemized in the first decretal paragraph A above;

{NY226751.2 }

C. That Service of this Order to Show Cause, together with the plaintiff's motion papers, shall be made on defendant and Joseph L. Baer three (3) days after the issuance of the Order to Show Cause; that service on Joseph L. Baer by electronic means and by first-class mail shall be good and proper service; and that service on defendant via ECF to defendant's counsel of record shall be good and proper service; and

D. Such further relief as the Court may deem just.

Dated: New York, New York
July 1, 2020

                              Respectfully submitted,

                              HILL, BETTS & NASH LLP

                              */s/ James D. Kleiner*
                              James D. Kleiner
                              *Attorneys for Plaintiff Absolute Nevada, LLC*
                              14 Wall Street, Suite 5H
                              New York, NY 10005
                              (212) 839-7000

By email to:

    Joseph L. Baer: steamboatpilot1975@gmail.com
    James E. Forde, as counsel to defendant, Grand Majestic Riverboat Company: JForde@hillrivkins.com

{NY226751.2 }