UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ABSOLUTE NEVADA, LLC,

                              Plaintiff,                           19-cv-11479 (PKC)

        -against-

                                                              ORDER

GRAND MAJESTIC RIVERBOAT COMPANY
LLC,

                              Defendant.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

          Nonparty Joseph L. Baer ("Baer"), the president, owner, and sole member of

defendant Grand Majestic Riverboat Company LLC ("Grand Majestic") moves to reconsider and

vacate this Court's September 1, 2020 Opinion and Order finding Baer in civil contempt.  (Doc

51).  Separately, plaintiff Absolute Nevada, LLC ("Absolute Nevada") wrote to the Court on

December 7, 2020 noting that Baer has not complied with the Court's Order (Doc 59); Baer

responded on December 11, 2020.  (Doc 60).

          On January 6, 2020, the Court entered a Stipulation and Order resolving Absolute

Nevada's claims for injunctive relief against Grand Majestic.  (Doc 19).  The Court found by

clear and convincing evidence that Baer, as an officer, agent, employee and person in active

concert with Grand Majestic, violated the January 6, 2020 Stipulation and Order because "he (1)

brought a claim related to the failed charter outside of arbitration; (2) encumbered the Subject

Vessel with a lien related to the failed charter; and (3) placed a lien on the Subject Vessel for a

claim related to the failed charter."  (Doc 51 at 18).

          On July 8, 2020, the Court issued an order for Baer to show cause at a hearing

why he ought not be held in contempt.  (Doc 23).  The Court held the hearing on August 4, 2020

in which Baer failed to appear despite having actual notice of the proceeding.  Baer now submits

legal arguments and purports to identify facts that warrant reconsideration of the Court's

September 1, 2020 Opinion and Order Finding Civil Contempt, familiarity with which is

assumed.  For reasons to be explained, Baer's motion is denied.

DISCUSSION

   I.     Legal Standard for a Motion to Reconsider.

          Baer's motion is styled as a motion "for reconsideration, to vacate, and for new

trial."  In response, Absolute Nevada asserts that the motion is untimely.  Accordingly, the Court

must first determine the standard and corresponding deadline that applies to Baer's motion.

          Both Local Civil Rule 6.3 and Rule 59(e), Fed. R. Civ. P. permit a party to move

for reconsideration within a specified time period.  Local Civil Rule 6.3 requires that a motion to

reconsider or rehear "shall be served within fourteen (14) days after the entry of the Court's

determination of the original motion."  Under Rule 59(e), Fed. R. Civ. P., "[a] motion to alter or

amend a judgment must be filed no later than 28 days after the entry of the judgment."  The

Federal Rules define "judgment" to include "any order from which an appeal lies."  Rule 54(a),

Fed R. Civ. P.  Because civil contempt orders "against *non-parties* are immediately appealable"

and are considered "final," Rule 59(e) is a proper basis for Baer's motion.  OSRecovery, Inc. v.

One Groupe Int'l, Inc., 462 F.3d 87, 92 (2d Cir. 2006) (emphasis in original).[1]

          Baer's motion is untimely under both Local Civil Rule 6.3 and Rule 59(e).  The

Court filed its Opinion and Order Finding Civil Contempt on September 1, 2020 (Doc 51), yet

---

[1] To the extent Baer's motion is purportedly based on "new evidence," courts do not consider such motions untimely.  Cunningham v. Cornell University, No. 16-cv-6525 (PKC), 2020 WL 1165778 (S.D.N.Y Mar. 11, 2020) (citing Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc., 160 F. Supp. 2d 580, 583 (S.D.N.Y. 2001)).  However, it must be "'evidence that was truly newly discovered or could not have been found by due diligence.'"  NEM Re Receivables, LLC v. Fortress Re, Inc., 187 F. Supp. 3d 390, 396 (S.D.N.Y. 2016) (quoting Space Hunters, Inc. v. U.S., 500 Fed. App'x 76, 81 (2d Cir. 2012)).

Baer's motion was not filed until September 30, 2020.  (Doc 54).[2]  This was 15 days after the

expiration of the time limit under Local Civil Rule 6.3 and 1 day after the deadline for a Rule

59(e) motion.  The Court concludes that Baer's motion is untimely.  But because Baer proceeds

*pro se*, the Court will extend special solicitude and treat his motion as if it had been timely filed.

The legal standards governing Local Rule 6.3 and Rule 59(e) are the

same.  Fortress Re, Inc., 187 F. Supp. 3d at 394 n.2 (citing Glendora v. Pinkerton Sec. & Detective

Servs., No. 98-cv-5123, 1999 WL 46633, at *1 (S.D.N.Y. Feb. 1, 1999)).  The standard for granting

a motion for reconsideration is "strict, and reconsideration will generally be denied unless the

moving party can point to controlling decisions or data that the court overlooked—matters, in other

words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader

v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Accordingly, a motion for reconsideration

"may be granted based upon 'an intervening change of controlling law, the availability of new

evidence, or the need to correct a clear error or prevent manifest injustice.'"  Cunningham, 2020

WL 1165778, at *1 (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245,

1255 (2d Cir. 1992)).  It is not "an opportunity for making new arguments that could have been

previously advanced."  Assoc. Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

II.    Baer's Motion to Reconsider Fails on the Merits.

First, Baer argues that the Court lacks subject matter jurisdiction over the action.

Section 1333 of title 28 provides that district courts shall have original jurisdiction of "[a]ny civil

case of admiralty or maritime jurisdiction . . . ."  Whether admiralty jurisdiction exists based on a

contract requires the Court to "look to the contract's 'nature and character to see whether it has

---

[2] Baer's motion to reconsider is dated September 30, 2020.  Absolute Nevada claims it was served on October 1, 2020, and the Pro Se Office received and docketed the motion on October 2, 2020.  In any case, Baer's motion is untimely under Local Rule 6.3 and Rule 59(e).

reference to maritime service or maritime transactions.'" Folksamerica Reinsurance Co. v. Clean Water of New York, Inc., 413 F.3d 307, 312 (2d Cir.2005) (quoting Norfolk S. Ry. Co. v. James Kirby, Pty Ltd., 543 U.S. 14, 24 (2004)) (citation and internal quotation marks omitted). "It is well-established that a charter party agreement is a maritime contract." Fednav, Ltd. v. Isoramar, S.A., 925 F.2d 599, 601 (2d Cir. 1991) (citations omitted). Absolute Nevada filed this suit against Grand Majestic seeking emergency relief on claims arising from a failed charter agreement for a riverboat, the M/V Americana. Underlying Absolute Nevada's claims is whether Grand Majestic breached provisions of the charter agreement. See e.g., (Doc 1 ¶¶ 2, 14–33, 58). The Court therefore has subject matter jurisdiction over the action.

Second, Baer argues that the Court lacks personal jurisdiction over him as a nonparty to the action. However, "[c]ourts routinely exercise personal jurisdiction in contempt proceedings over nonparties on the basis that nonparties may not assist, aid, or abet a violation of an order that directly binds a party, such as [Grand Majestic], over whom the court has personal jurisdiction." Aviv v. Brainard, No. 18-cv-5088 (PKC), 2018 WL 4927912, at *1 (S.D.N.Y. Oct. 11, 2018) (collecting cases). The basis for exercising personal jurisdiction over a nonparty such as Baer is "that intentionally violating an . . . injunction is conduct 'designed to have purpose and effect in the forum,' and that the authority to force compliance 'is necessary to the proper enforcement and supervision of a court's injunctive authority and offends no precept of due process.'" Gucci Am., Inc. v. Weixing Li, 768 F.3d 122, 137 (2d Cir. 2014) (quoting SEC v. Homa, 514 F.3d 661, 675 (7th Cir. 2008)). The Court concludes that it has personal jurisdiction over Baer for purposes of the contempt proceedings.

Third, Baer argues that Absolute Nevada failed to effectuate service of the July 8, 2020 Order to Show Cause upon Baer in violation of his due process rights and the Federal Rules.

Even assuming Baer is correct that service was not valid under Kentucky Law, as the Court explained, Rule 4, Fed. R. Civ. P. authorizes service under state law where the district court is located.  The Court's thus found Baer was properly served under New York state law and Rule 4(e)(1).

Baer further takes issue with Absolute Nevada's attempts to serve Baer at his Kentucky home on July 13, 2020 and July 14, 2020.  Baer asserts that he was onboard a ship in the Mississippi River during these attempts at service.  Baer also argues that certain statements in the affidavits of service show no one was at Baer's home when Absolute Nevada attempted service. None of these factual contentions undermine the validity of service.  The Court found Baer was properly served under the "nail and mail" provision of "New York's long arm statute," which is only a permitted method of service if personal service cannot be accomplished with "due diligence."  The Court explained that the three "failed attempts" at service upon Baer at his Kentucky home on July 13 and July 14 was sufficient to satisfy the due diligence prerequisite.[3]

Fourth, Baer contends that the Court overlooked certain facts material to the Court's decision.  He argues that the Court classified Grand Majestic as a "sole proprietorship" when in fact it is a limited liability company.  The Court explained that Baer as president, principal, and "sole proprietor" of Grand Majestic was bound as a non-party by the January 6, 2020 Stipulation and Order, but it did not find Grand Majestic was a "sole proprietorship."  Baer further claims the Court erred in failing to consider that Baer encumbered the subject vessel with a "personal lien" for unpaid seaman's wages.  This fact was known and considered by the Court.  In concluding Baer violated the Court order, it explained that the "seaman's wage lien" was asserted by Baer and

---

[3] Baer also challenges Absolute Nevada's fourth attempt at personal service upon Baer at his home on July 18, 2020 due to the process server being a "constable" acting "outside his jurisdiction."  Rule 4(c)(1)(2), Fed. R. Civ. P. permits any person who is at least 18 years old and not a party to a serve a summons.  The process server attested to meeting these requirements.  (Doc 45).

found that the lien "for unpaid seaman's wages is substantively identical to Baer's prior claim for personal services related to the failed charter, which was covered by the January 6, 2020 Stipulation and Order." (Doc 51 at 16).

Lastly, Baer requests that the Court impose sanctions upon and hold Absolute Nevada's counsel in contempt for pursuing baseless claims in this Court against Baer. The Court finds Baer's contentions without merit.

III.     Absolute Nevada's Cross-Motions Are Denied Without Prejudice.

Absolute Nevada moves to recover attorney fees in prosecuting Baer's civil contempt and to have the Court issue a warrant for Baer's arrest due to his continued noncompliance. Absolute Nevada's motion for attorney's fees is denied at this time but may be renewed at the conclusion of the action. Absolute Nevada's motion for the Court to order Baer's arrest is also denied. The Court in its discretion does not find civil confinement of Baer to be an appropriate sanction on this record.

CONCLUSION

For all of the above reasons, Baer's motion to reconsider and vacate the Court's September 1, 2020 Opinion and Order Finding Civil Contempt (Doc. 54), is DENIED. The Court adheres to the Opinion and Order of September 1, 2020 in its entirety. (Doc. 51). Absolute Nevada's cross-motions are DENIED without prejudice. (Doc 55). The Clerk is directed to terminate the motions.

Absolute Nevada shall serve a copy of this Order upon Baer and file an affidavit of service with this Court within 14 days.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
December 18, 2020