UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ABSOLUTE NEVADA, LLC,

                          Petitioner,                                    ORDER

                                                                  19 cv 11479 (PKC)

               -against-

GRAND MAJESTIC RIVERBOAT LLC,

                          Respondent.
-------------------------------------------------------------x

CASTEL, District Judge:

              Absolute Nevada, LLC ("Absolute Nevada") petitions to confirm a partial final

arbitration award against respondent Grand Majestic Riverboat Company LLC ("Grand

Majestic") dated March 25, 2020 (the "Partial Final Award").

              The Petition to confirm the arbitration award was filed on March 25, 2021 (Doc

65-1; Petition).  Counsel for Grand Majestic had previously entered a notice of appearance in this

action and service is therefore deemed accomplished by Absolute Nevada filling the Petition on

ECF.  Grand Majestic has failed to answer or otherwise respond to the Petition.  As explained

below, "default judgments in confirmation . . . proceedings are generally inappropriate," D.H.

Blair & Co. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006), and the Court must review the

petition and accompanying record in accordance with the standard for granting summary

judgment.

BACKGROUND

              In September 2019, Absolute Nevada and Grand Majestic entered into a charter

party agreement for a riverboat, the M/V Americana (the "Subject Vessel").  (Doc 65-4 at 1;

Partial Final Award).  On December 5, 2019, Absolute Nevada demanded arbitration against

Grand Majestic in New York related to the charter. (Petition ¶ 8). Absolute Nevada's arbitration demand alleged that Grand Majestic had failed to accept delivery of the Subject Vessel by the deadline in the charter agreement and that Grand Majestic's president, Joseph Baer, subsequently interfered with Absolute Nevada's efforts to re-charter the Subject Vessel. (Partial Final Award at 1). The arbitration demand requested an expedited hearing and sought a declaration of rights and injunctive relief.

Grand Majestic did not respond to the arbitration demand, and on December 16, 2019, Absolute Nevada filed suit in this Court against Grand Majestic seeking emergency relief on claims arising from the failed charter. (Doc 1). Absolute Nevada alleged that Grand Majestic and Baer were obstructing Absolute Nevada's business operations, threatened the arrest or seizure of the Subject Vessel to bar Absolute Nevada from re-chartering it, falsely passed off Absolute Nevada as the charterer of the Vessel and filed a false personal "seaman's compensation lien" action to arrest the vessel. (Complaint at 1–2). The Court granted in part Absolute Nevada's application for a temporary restraining order and scheduled a preliminary injunction hearing. The day before the preliminary injunction hearing, Absolute Nevada and Grand Majestic resolved all matters relating to injunctive relief in a proposed Stipulation and Order that the Court entered on January 6, 2020. (Doc 19). The Court has previously described the terms of the January 6, 2020 Stipulation and Order, which:

> [R]estricted live claims arising from the failed charter to only damages, mandated that such claims be arbitrated, barred Grand Majestic from seeking arrest of the Subject Vessel, mandated the removal of any public statements asserting Grand Majestic's ownership or control of the subject vessel, and subjected the parties to the Court's ongoing jurisdiction.

(Doc 51 at 3; Opinion and Order Finding Civil Contempt).[1]

---

[1] On September 1, 2020, the Court held non-party Joseph Baer in civil contempt for violating the Court's January 6, 2020 Stipulation and Order. (Doc 51). The Court denied Baer's motion for reconsideration and other relief (Doc

The arbitration proceeded in tandem with the action in this Court, and on December 30, 2019, the parties agreed on the appointment of three arbitrators to form the panel, as required by the charter agreement. (Partial Final Award at 2). The panel held a telephone conference on January 3, 2020 to address Absolute Nevada's request for expedited relief. On that conference, the parties agreed to engage in a good-faith effort to resolve issues related to Absolute Nevada's demand for expediated relief. (Id.) A few days later the parties agreed to the January 6, 2020 Stipulation and Order.

The arbitration proceeding continued in order to address any remaining disputes and issues arising under the charter agreement. (Partial Final Award at 3). Absolute Nevada thereafter submitted a claim for attorneys' fees and costs associated with the arbitration proceeding and the action in this Court. On March 25, 2020, the panel issued its Partial Final Award that principally awarded Absolute Nevada $63,816.31 in attorney's fees and costs, plus interest on this amount at 5% until paid or the Partial Final Award is confirmed. (Partial Final Award at 6).

I. Legal Standard.

A petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions." D.H. Blair & Co., 462 F.3d at 109. "Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court,' and the court 'must grant' the

---

61; Dec 18, 2020 Order), and Baer filed a notice of appeal on January 7, 2021, which remains pending (Doc 64). After Absolute Nevada filed its petition to confirm the Partial Final Award, non-party contemnor Baer moved for an order to show cause, temporary restraining order and preliminary injunction relating to the arbitration and/or arbitration panel. (Doc 67). In an Order filed April 21, 2021, the Court denied Baer's application and stated that "[h]e has no right in this Court to enjoin Absolute Nevada from taking action in the arbitration or the arbitration panel to proceed in the manner it sees fit." (Doc 68). Baer filed a notice of appeal from the Court's April 21, 2021 order (Doc 69), and thereafter moved for a stay of this action while his appeal was pending. On April 26, 2021, the Court denied Baer's application to stay the proceeding. (Doc 70).

award 'unless the award is vacated, modified, or corrected.' " <u>Id.</u> at 110 (citations omitted).  As the Second Circuit further explained:

> The arbitrator's rationale for an award need not be explained, and the award should be confirmed "'if a ground for the arbitrator's decision can be inferred from the facts of the case[.]' "  Only "a barely colorable justification for the outcome reached" by the arbitrators is necessary to confirm the award.

<u>Id.</u> (citations omitted).

## II.  <u>The Partial Final Award Is Confirmed.</u>

Jurisdiction is premised upon 28 U.S.C. § 1333 and the Federal Arbitration Act, 9 U.S.C. § 9.  In support of the petition, Absolute Nevada has submitted the Partial Final Award (Doc 65-4) and the charter party agreement between Absolute Nevada and Grand Majestic (Doc 65-5; Charter Agreement).

The charter agreement contains a broad arbitration provision stating that "[a]ny dispute arising out of or in connection with this Agreement shall be referred to three (3) persons at New York . . . ." (Charter Agreement ¶ 26).  It provides the mechanism for selection of the panel, the arbitration rules (Rules of the Society of Maritime Arbitrators of New York) and governing law (New York).  (<u>Id.</u>)

A panel of arbitrators was duly constituted consisting of George Tsimis, Robert Shaw and Peter Wiswell.  (Partial Final Award at 1–2).  As noted above, following the January 6, 2020 Stipulation and Order, Absolute Nevada sought only attorneys' fees and costs in the arbitration proceeding.  Under the charter agreement, "[i]f either party brings an action to enforce the terms hereof or declare rights hereunder, the prevailing party in any such action, on trial or appeal, shall be entitled to its reasonable attorney's fees to be paid by the losing party." (Charter Agreement ¶ 32).  In addition, the charter agreement incorporates the Society of Maritime

Arbitrators Rules (<u>Id.</u> ¶ 26), and under those rules "[t]he [p]anel is empowered to award reasonable attorney's fees, expenses or costs incurred by a party or parties in the prosecution or defense of the case." (Partial Final Award at 4).

In opposition to Absolute Nevada's request for attorneys' fees and costs, Grand Majestic "submitted an unsworn, unnotarized 'affidavit' from Capt. Joseph L. Baer, dated February 20, 2020, and an affirmation of its counsel, James E. Forde, Esq. of Hill Rivkins LLP, dated February 19, 2020." (<u>Id.</u> at 4). Forde's affirmation urged that Absolute Nevada did not need to seek injunctive relief in this Court and that Absolute Nevada was not entitled to any attorneys' fees because no formal hearing or submissions were made in the arbitration proceeding. (<u>Id.</u> at 4–5). The panel flatly rejected these arguments, finding that "on the eve of the January 7th" hearing before this Court and having been directed by the panel to deposit $20,000 in security for arbitrator's fees, Grand Majestic "appreciated the lack of merit in its legal position and therefore entered into the [January 6, 2020 Stipulation and Order]." (<u>Id.</u> at 5). Moreover, the panel noted that Grand Majestic only agreed to the stipulation after Absolute Nevada had taken legal action and incurred associated fees and costs in litigating both this action and the arbitration proceeding.

The panel also found that the attorneys' fees and costs sought by Absolute Nevada were reasonable. In support of Absolute Nevada's attorney fee application, it submitted an affidavit from counsel James A. Kleiner of Hills Betts & Nash LLP with itemized billing invoices. (<u>Id.</u> at 4). The panel granted Absolute Nevada's request for attorneys' fees and costs related to both the arbitration proceeding and the action in this Court in the total amount of $63,816.31. (<u>Id.</u> at 5).

The panel also ordered that $17,200 for arbitrators' fees be paid from funds that Absolute Nevada deposited as security and was being held in escrow. The Partial Final Award ordered that Absolute Nevada had the right to recover the amount paid for arbitrators' fees from Grand Majestic.

Absolute Nevada requests that the Court confirm the Partial Final Award and enter judgment against Grand Majestic in the amount of $81,016.31. This amount represents the total of the attorneys' fees and costs plus the arbitrators' fees awarded in the Partial Final Award.

In addition, Absolute Nevada seeks 5% interest on the amount of the Partial Final Award from March 25, 2020 until the date the Court enters judgment. (Petition at 2). The Partial Final Award ordered that any amount of the award not paid within 30 days "shall bear interest at five per cent per annum . . . until this Partial Final Award is confirmed as a judgment of court." (Partial Final Award at 6).

There is no genuine factual dispute regarding the propriety of the Partial Final Award, and Absolute Nevada's submissions adequately demonstrate that it should be confirmed. The Court concludes that the Partial Final Award, rendered in accordance with an agreement containing a broad arbitration clause, is based in law and fact and should be confirmed.

Lastly, Absolute Nevada seeks attorneys' fees and costs in connection with the filing of its Petition. Absolute Nevada may submit a declaration supporting its attorneys' fees and costs application in accordance with the conclusion of this Order.

CONCLUSION

For the foregoing reasons, Absolute Nevada's petition to confirm the March 25, 2020 Partial Final Award (Doc 65) is GRANTED. Within fourteen days, Absolute Nevada shall submit (1) a declaration from counsel regarding the attorneys' fees and costs it seeks in

connection with the filing of the Petition and (2) a proposed final judgment reflecting the foregoing.  The Clerk shall terminate the motion.  (Dos 65).

    SO ORDERED.

           P. Kevin Castel
          United States District Judge


Dated: New York, New York
   May 17, 2021