Generously construed as a motion under Rule 60(b)(2) & (6), Fed.R.Civ.P., Non-party Baer's "Motion for Reconsideration" is DENIED.  The Secretary's Findings" do not in any way alter the bases for the Court's September 1, 2020 Opinion and Order finding Mr. Baer to be in civil contempt (Doc. 51).
SO ORDERED.

*P. Kevin Castel*
United States District Judge
6/9/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABSOLUTE NEVADA, LLC<br>Plaintiff,<br><br>vs.<br><br>GRAND MAJESTIC<br>RIVERBOAT COMPANY, LLC<br>Defendant | Case No. 19-cv-11479 (PKC)<br><br>MOTION FOR RECONSIDERATION |

NOW INTO COURT COMES Capt. Joseph Baer, in Pro Se and Non-Party to the case, and respectfully moves this HonorableCourt to Reconsider its decision issued on 01SEP2020 and offers the following new evidence in support of his motion.

New evidence and findings by the US Secretary of Labor has recently come to be, now available and clearly supports Capt. Baer's continuous assertions that he was working separately and independently of Grand Majestic.  The new evidence and rulings also clears Capt. Baer of any contempt.  Capt. Baer has always maintained that his services were separate and done personally and as a contractor and meeting the definition of a seaman that would be covered under the Seaman's Wage Act (46 U.S.C. Section 10313) and as defined under the Seaman's Protection Act (49 U.S.C. Section 2114).

### RECONSIDERATION

In the Court's  December 18th 2020 ruling the Court specified the parameters to which it would take for reconsideration. To quote this Court, *"The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."*

Mailed 6/9/2021

*Shrader v. CSX Transp., Inc.,* *70 F.3d 255, 257 (2d Cir. 1995). Accordingly, a motion for reconsideration "may be granted based upon 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"* *Cunningham,* *2020 WL 1165778, at \*1 (quoting* *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* *956 F.2d 1245, 1255 (2d Cir. 1992))."*

With the findings made by the Secretary of Labor just being made, now, by the courts own words, Capt. Baer can *"point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."* *Shrader v. CSX Transp., Inc.,* *70 F.3d 255, 257 (2d Cir. 1995)"* and *"an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. 'an intervening change of controlling law, the availability of new evidence,"* and *"the need to correct a clear error or prevent manifest injustice."*. Again these are the Court's own words.

## BACKGROUND

An Order to Show Cause hearing was filed by Absolute Nevada in response to Capt. Baer's Seaman's lien, that pre-dates the Stipulations between Absolute Nevada and Grand Majestic, and a hearing was held in August of 2020. Capt. Baer was found in Contempt based on his lack of attendance and by default. Capt. Baer was not in attendance due to lack of proper personal service and lack of personal jurisdiction and being outside the 100 mile limit as required by Fed. Rule of Civil Procedure Rule 45 Section 1(a) and Section 1(b). Capt. Baer was onboard ship in the Mississippi River System during the attempts for service. Service was never proper and Capt. Baer was never served. These issues and

others are currently before the 2nd Circuit Court of Appeals. Capt. Baer has always maintained he is not in contempt of court in relation to the Stipulations between Absolute Nevada and Grand Majestic. The findings of the Secretary of Labor clarifies his status as a seaman onboard the MV Americana and Absolute Nevada, LLC was an employer, proving he is not in contempt.

The Court entered decision of September 1st 2020 was based on evidence submitted by Absolute Nevada. Absolute Nevada's Counsel, James Kleiner, knowingly and intentionally submitted false information to this Court misrepresenting Capt. Baer's legal status aboard the MV Americana.  Mr. Kleiner knowingly and intentionally submitted Affidavits that were false. Grand Majestic Riverboat Company's corporate structure at the time of the transaction between Grand Majestic and Absolute Nevada was clear.

## Seaman's Protection Act

Capt. Baer lodged a Seaman's Protection Act claim (49 U.S.C. Section 2114) as required to the Secretary of Labor through OSHA. Capt. Baer lodged his complaint based on the continuous harassment and continued retaliation by Absolute Nevada.  Capt. Baer just recently received a letter of the Secretary of Labor's findings (Exhibit "A").  Though ultimately the Secretary of Labor found Capt. Baer's claim is past the 180 day deadline (to which Capt. Baer is appealing the 180 day ruling due to continuous harassment and retaliation to the Administrative Law Judge).  The Secretary of Labor found (Exhibit "A")….

1) *"Absolute Nevada LLC, is a person within the meaning of 1 U.S.C. Section 1, and 46 U.S.C. Section 2114. Respondent, a Nevada corporation, is a commercial vessel owner within the meaning of 46 U.S.C. Section 12103."*

2) Capt. Baer "*was employed by Respondent as a contractor and is an employee within the meaning of 49 U.S.C. Section 2114.*"

3) *"Complainant and Respondent are, therefore, covered by the Act."*

The Secretary of Labor's findings support Capt. Baer's continued assertion of his position with Absolute Nevada and clearly supports his claim as separate, as a contract employee, personal, and is not subject to the Stipulations (Exhibit "B") between Absolute Nevada and Grand Majestic.  The Stipulations (Exhibit "B") only apply to Grand Majestic and Absolute Nevada.  Capt. Baer is NOT a personal signatory to the Stipulations and has always maintained the monies owed are separate to the charter agreement between Absolute Nevada and Grand Majestic.

The Stipulations clearly named to Absolute Nevada, LLC and Grand Majestic Riverboat Company, LLC. Capt. Baer's NOT named anywhere in the Stipulation and his signature appears **NOWHERE** in the Stipulations and Capt. Baer is not a signatory. Capt. Baer has always maintained he is not in contempt of the Stipulations and is supported by the findings of the Secretary of Labor. The Secretary of Labor findings continue to support his status as a seaman onboard the MV Americana.  These findings also show Absolute Nevada, LLC was an employer, and Capt Baer was a contract employee.   His work was, to quote the Secretary of Labor, "*as a contractor and is an employee*". The Secretary of Labor's findings support Capt. Baer's position his work was outside the scope of the Charter Agreement, outside the scope of the Stipulations, not bound to the Stipulations, personal and  he is protected by the Seaman's Protection Act (49 U.S.C. Section 2114), thus **NOT** in Civil Contempt.

The Secretary of Labor's findings also supports that Absolute Nevada had no grounds for bringing their case in this Court nor did Absolute Nevada have grounds for demanding

arbitration on Grand Majestic either, since they demanded arbitration based on actions by Capt. Baer that are protected by the Seaman's Protection Act, 49 U.S.C. Section 2114. In the interest of justice it is suggested this Court should, on it's own motion, review this case and dismiss this case in it's entirety for lack of merit. Absolute Nevada complained that Capt. Baer was interfering in their business.  This is simply not so.  Capt. Baer was doing his duty as a Merchant Marine officer and former Petty Officer of the US Coast Guard protecting lives from an unsafe, possible life threatening, unseaworthy condition.  How can anyone fault me for doing my duty, protecting public safety and reporting the unseaworthy unsafe conditions to the US Coast Guard and the other concerned government entities and the US Navy through their agent for the ship, Lockheed Martin,  per 46 U.S.C. § 10908 (Penalty for Sending Unseaworthy Vessel to Sea).  As the Secretary of Labor's findings supports the interference Absolute Nevada was actually complaining about are actions that Capt. Baer made a Merchant Mariner and his actions are protected by the Seaman's Protection Act, 49 U.S.C. Section 2114.

**IN CONCLUSION,** Capt. Baer is not in contempt, his lien is valid and the Court has good cause to vacate its order, Capt. Baer is NOT a personal signatory to the Stipulation of January 2020 nor subject to the Stipulations, and his actions are protected by the Seaman's Protection Act.  With these Secretary of Labor's findings show that Capt. Baer's being  "*a contractor and is an employee within the meaning of 49 U.S.C. Section 2114."*, he is protected by the Seaman's Protection Act (49 U.S.C. Section 2114) and is **NOT** in Civil Contempt, this court must reverse its September 1st 2020 ruling.

**THEREFORE,** Capt. Baer prays that this honorable Court Reconsider its order, decision, and order of 01SEP2020 find that Capt. Baer is not in contempt Dismiss this action against Capt. Baer.

Respectfully Submitted,

_____
Capt. Joseph L. Baer
633 Brandtly Ridge
Covington, Kentucky 41015
504-460-2057 (Mobile)

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served by electronic mail and/or by placing a copy of the same by US Mail prepaid postage 23rd of May 2021

_____
Capt. Joseph Baer

James D. Kleiner
HILL, BETTS & NASH LLP
14 Wall Street
New York, New York 10005
Direct Dial: (212) 589-7517
Mobile: (914) 572-7788
Fax: (212) 466-0514
jkleiner@hillbetts.com

Adam M. Wernicke, Esq.
**Hill, Betts, & Nash LLP.**
14 Wall Street, Suite 5H
New York, NY 10005
**Phone: 212-589-7522**

**Fax: 212-466-0514**
awernicke@hillbetts.com

James E. Forde, Esq.
Hill Rivkins LLP
45 Broadway, Ste 1500
New York, NY 10006
jforde@hillrivkins.com

**U.S. Department of Labor**      Occupational Safety and Health Administration
Atlanta Regional Office
Sam Nunn Atlanta Federal Center
61 Forsyth Street, SW, Room 6T50
Atlanta, Georgia 30303



May 17, 2021

Via Email To: Steamboatpilot1975@gmail.com

Joseph L. Baer
633 Brandtly Ridge Drive
Covington, KY 41015

RE: Absolute Nevada LLC / Baer / Case no. 4-1510-21-042

Dear Captain Baer:

This is to advise you that we have completed our investigation of the above-referenced complaint filed by you, Joseph L. Baer (Complainant) against Absolute Nevada, LLC, (Respondent) on May 6, 2021 under the Seaman's Protection Act, 49 U.S.C. Section 2114 (SPA) as amended by Section 611 of the Coast Guard Authorization Act of 2010, P.L. 111-281. In brief, Complainant alleged that Respondent retaliated against him by litigation and a request to proceed with the matter to arbitration on or about April 30, 2021 in reprisal for reporting an unseaworthy vessel to Respondent and to the U. S. Coast Guard.

Following an investigation by a duly authorized investigator, the Secretary of Labor, acting through his agent, the Regional Administrator for the Occupational Safety and Health Administration (OSHA), Region IV, and issues the following findings:

**Secretary's Findings**

Respondent, Absolute Nevada LLC, is a person within the meaning of 1 U.S.C. Section 1, and 46 U.S.C. Section 2114. Respondent, a Nevada corporation, is a commercial vessel owner within the meaning of 46 U.S.C. Section 12103.

Complainant was employed by Respondent as a contractor and is an employee within the meaning of 49 U.S.C. Section 2114. Complainant and Respondent are, therefore, covered by the Act.

On May 6, 2021, Complainant filed a complaint with the Secretary of Labor alleging that Respondent retaliated against him in violation of SPA when Respondent pursued litigation against Complainant and sought to take the matter to arbitration on or about April 30, 2021. On May 6, 2021, Complainant filed a complaint with the Secretary of Labor alleging that Respondent retaliated against him in violation of SPA. During review of the complaint and documentation provided by Complainant, it was determined the original litigation was filed on or before December 5, 2019. On September 1, 2020, CP was found in contempt of court. According to Complainant, the matter is currently on appeal. Complainant is alleging the litigation is a continuing adverse action. As this complaint was not filed within 180 days of the original adverse action, it is deemed not timely. No grounds exist for equitable tolling.

<span style="color:red">**Exhibit A**</span>

Consequently, this complaint is dismissed.

Respondent and Complainant have 30 days from the receipt of these Findings to file objections, and to request a hearing before an Administrative Law Judge (ALJ).  If no objections are filed, these Findings will become final and not subject to court review.

Objections must be filed in writing with the Office of Administrative Law Judges:

> **Primary method** – via email to:  OALJ-Filings@dol.gov
>
> **Secondary method** (if unable to file via email) – via hard copy submission to:
>
>> Chief Administrative Law Judge - Office of Administrative Law Judges
>> U.S. Department of Labor
>> 800 K Street NW, Suite 400 North
>> Washington, D.C. 20001-8002
>> (202) 693-7300, Fax (202) 693-7365

With copies to:

> Absolute Nevada LLC
> 1063 Bulkhead Road
> Green Cove Springs, FL 32043
>
> Kurt A. Petermeyer
> Regional Administrator
> U. S. Department of Labor/OSHA
> 61 Forsyth Street, SW, Room 6T50
> Atlanta, Georgia 30303

In addition, please be advised that the U.S. Department of Labor generally does not represent any party in the hearing; rather, each party presents his or her own case.  The hearing is an adversarial proceeding before an ALJ, in which the parties are allowed an opportunity to present their evidence *de novo* for the record.  The ALJ who conducts the hearing will issue a decision based on the evidence, arguments, and testimony presented by the parties.  Review of the ALJ's decision may be sought from the Administrative Review Board, to which the Secretary of Labor has delegated responsibility for issuing final agency decisions under SPA. A copy of this letter has been sent to the Chief Administrative Law Judge along with a copy of your complaint.  The rules and procedures for the handling of SPA cases can be found in Title 29, Code of Federal Regulations Part 1980, and may be obtained at www.osha.gov.

**Exhibit A**

Sincerely,

Matthew E. Robinson
Regional Supervisory Investigator


cc:     Absolute Nevada, LLC
        Chief Administrative Law Judge, USDOL
        United States Coast Guard – Office of Commercial Vessel Compliance Division

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ABSOLUTE NEVADA, LLC,              1:19-CV-11479 (PKC)

                Plaintiff,

                                                 **STIPULATION AND ORDER**

    - against -

GRAND MAJESTIC RIVERBOAT COMPANY
LLC,

                Defendant.
------------------------------------------------------------x

       **WHEREAS**, on December 23, 2019, the Court entered a Temporary Restraining Order and Order to defendant to Show Cause (Doc No. 7), pursuant to the Federal Rules of Civil Procedures 65(c); (1) enjoining the defendant, Grand Majestic Riverboat Company, LLC with respect to specified actions against plaintiff, Absolute Nevada, LLC. and its vessel, M/V Americana (the"Vessel"); and (2) ordering defendant to show cause, at a hearing on January 7, 2020, at 3:00 pm, why a preliminary injunction should not issue against defendant, as requested by plaintiff's verified complaint and motion (Doc. 1); and **WHEREAS**, defendant has acknowledged and agreed to the matters set forth below,

       **IT IS HEREBY STIPULATED** and agreed as follows by and for defendant, Grand Majestic Riverboat Company, its officers, directors, shareholders, agents, employees, servants, attorneys, and all persons in active concert or participation with them (collectively referred to as "GMRC") as follows:

       1)    that GMRC has no rights in or to the M/V Americana; it does not have the Vessel under charter; and GMRC shall not in any way interfere with Absolute Nevada's operation, use, chartering, sale and/or disposal of the M/V Americana;

       2)    that any and all claims of GMRC under or in any way related to the parties' September 24, 2019 bareboat charter party (the "Charter") and/or the Vessel are

{NY223302.1 }                                                                                                               **Exhibit B**

and shall be limited to damages (subject to proof of entitlement and quantum of damages, if any); and that such claims shall be arbitrated in the pending New York arbitration (the "Arbitration"), with the Court retaining jurisdiction as may be needed in aid of said Arbitration and/or to enforce this Stipulation and Order;

3) that the Vessel was not delivered to GMRC under Charter; and no extensions of time for delivery were agreed;

4) GMRC acknowledges that it has no right to specific performance of the Charter; or lien or any other right in or claim over the Vessel;

5) GMRC agrees not to institute or prosecute any proceedings whatsoever or any actions in federal or state court (whether domestic or foreign, *in rem* or *in personam*) against the plaintiff and/or its affiliates and/or affecting the plaintiff's property, including but not limited to the arrest, attachment, or other restraint of the Vessel, M/V Americana, pursuant to Supplemental Admiralty Rule C and Rule B or other laws;

6) GMRC agrees to immediately withdraw and remove any statement, posting or publicity asserting or suggesting that the Vessel is part of GMRC's fleet; and/or advertising or representing that the M/V AMERICANA is owned, operated or controlled by GRMC; or that GMRC has any lien, right or interest whatsoever in or over the Vessel;

7) GMRC agrees to cease and desist henceforth from any such statement, posting or publicity referred to in paragraph 6, above; and

8) GMRC agrees not to continue or in any way to obstruct and/or damage plaintiff's business operations, customer relations and reputation concerning the M/V Americana; and

2

{NY223302.1}

**Exhibit B**

**IT IS FURTHER STIPULATED** by and between the parties that the Court's December 23, 2019 Order (Doc. 7) is replaced by this Stipulation and Order; and plaintiff's motion (Doc. 1) is adjourned *sine die*. The Clerk shall terminate the motion and administratively close the action.

DATED: New York, New York
January 6, 2020

**HILL, RIVKINS LLP**
*Attorneys for Defendants*

By _/s/ James E. Forde_
James E. Forde
45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600

**HILL, BETTS & NASH LLP**
*Attorneys for Plaintiff*

By _/s/ James D. Kleiner_
James D. Kleiner
14 Wall Street, Ste 5H
New York, New York 10005
(212) 839-7000

**SO ORDERED**:

_____
P.K. CASTEL, United States District Judge

**Exhibit B**

3

{NY223302.1}