UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ABSOLUTE NEVADA, LLC,

                        Plaintiff,                        19-cv-11479 (PKC)

    -against-

                                                                   ORDER

GRAND MAJESTIC RIVERBOAT COMPANY
LLC,

                        Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Non-party Baer sought reconsideration of the Court's September 1, 2020 Order finding him in contempt which the Court denied. He now moves for written reasons, reconsideration and a hearing.

        Baer had filed a complaint against Absolute Nevada under the Seaman's Protection Act, alleging that Absolute Nevada had retailed against him, including through the pursuit of civil contempt in this action. After an investigation but not a hearing, the Secretary of Labor found the complaint to be time-barred. Baer makes much of the fact that the "findings" of the Secretary recite that "Complainant [i.e. Baer] was employed by Respondent [i.e. Absolute Nevada] as a contractor and is an employee within the meaning of 49 U.S.C. Section 2114.

        In a June 9, 2021 Order the Court wrote: "Generously construed as a motion under Rule 60(b)(2) & (6), Fed. R. Civ. P., Non-party Baer's "Motion for Reconsideration" is DENIED. The Secretary's Findings" do not in any way alter the bases for the Court's September 1, 2020 Opinion and Order finding Mr. Baer to be in civil contempt (Doc. 51)"

        Mailed to Joseph Baer - September 9, 2021

The statement in the June 9 Order is both correct and adequate.  In the Court's September 1, 2020 Opinion and Order, the Court found  that Baer is " bound by the January 6, 2020 Stipulation and Order as an individual legally identified with Grand Majestic, an officer of Grand Majestic, and a person in active concert or participation with Grand Majestic" Nothing in the Secretary's "findings" negates—or could negate--the Court's earlier finding, after notice to Baer and an opportunity to be heard, that he was an officer of Grand Majestic and a person in active concert or participation with Grand Majestic; a finding that he was either an officer of Grand Majestic or  a person in active in concert was sufficient to support the contempt finding.  Whether Baer was a "seaman" employed as a contractor by Absolute Nevada under the protective provisions of the Seaman's Protection Act has no controlling weight as to the actual relationship between Baer and Absolute Majestic. Second, "findings" in an investigation under the Seaman's Protection Act in which there was no evidentiary hearing to which Absolute Nevada was a party have no conclusive weight as to Absolute Nevada.

The explanation in the Court's Order of June 9, 2021 was most adequate to the need. The present motion (Doc 78) is DENIED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated:  New York, New York
         September 9, 2021