UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ABSOLUTE NEVADA, LLC,

                              Plaintiff,                              19-cv-11479 (PKC)

    -against-

                                                                   ORDER

GRAND MAJESTIC RIVERBOAT COMPANY
LLC,

                             Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Before this Court is a motion by Absolute Nevada, LLC ("Absolute Nevada") to confirm two Partial Final Awards of an arbitration panel in its favor against Grand Majestic Riverboat Company LLC ("Grand Majestic") and Joseph Baer. Baer, who is pro se, has filed with a "special appearance" which the Court has deemed to be a motion to intervene under Rule 24, Fed. R. Civ. P.

BACKGROUND

        This action was originally commenced by Absolute Nevada against Grand Majestic arising out of a barebones charter of a vessel, the M/V Americana, owned by Absolute Nevada. Baer signed the charter on behalf of Grand Majestic as its president. Absolute Nevada alleges that Grand Majestic breached the charter. The charter contained a broad arbitration clause designating New York as the arbitral forum and the Rules of the Society of Maritime Arbitrators, Inc. as controlling. Absolute Nevada commenced this action for injunctive relief in aid of arbitration.

        Mailed to Joseph Baer  September 17, 2021

On January 3, 2020, the New York arbitration panel held a teleconference with the parties. (Doc. 26-2 at 2). During this teleconference, Grand Majestic stated that Baer was asserting, individually "and through Grand Majestic," a claim for payment on personal services rendered related to the failed charter. (Doc. 26-3 at 6:20–7:11).

Absolute Nevada moved for a preliminary injunction against certain actions that it viewed as interfering with its ownership of the vessel, including the filing of liens. The motion was resolved by a stipulation entered as an Order of the Court on January 6, 2020 (the "January 6 Order"; Doc. 19).

Absolute Nevada moved to hold Baer in civil contempt for filing a lien against the M/V Americana in violation of the January 6 Order (Doc. 23). In an Opinion and Order of September 1, 2020, the Court found, among other things, that on June 15, 2020, Baer filed a seaman's wage lien relating to the failed charter. The Court found him in contempt even though he was not a party to the proceeding:

> Baer is a non-party to this action. However, Baer is still bound by and therefore may be held in civil contempt of the January 6, 2020 Stipulation and Order as an individual legally identified with Grand Majestic. Spectacular Venture, 927 F. Supp. at 685. Baer is the President, sole member, sole director, and "sole proprietor" of Grand Majestic. He is an "officer" of Grand Majestic and certainly a person in active concert or participation with Grand Majestic. Rule 65(d)(2)(B)–(C). Accordingly, Baer is explicitly bound by the terms of the January 6, 2020 Stipulation and Order.

(Opinion and Order of September 1, 2020 (the "September 1 Order") at 12; Doc. 51).

To compel obedience to its January 6 Order, the Court ordered as follows:

If Baer has not come into compliance with the January 6, 2020 Stipulation and Order as well as this Opinion and Order, within 7 days of the filing of the aforementioned affidavit of service, a monetary sanction of $1,000 per day is imposed on Baer, with the amount of the monetary sanction doubling every 7 days thereafter until such time that he comes into compliance with the January 6,

>   2020 Stipulation and Order as well as this Opinion and Order by (1) <u>withdrawing any and all liens against the Subject Vessel;</u> and (2) paying any and all monetary sanctions incurred under this Opinion and Order into the Registry of this Court, which payments are subject to further Order of this Court.

(<u>Id</u>. at 19–20.)

The July 5 Partial Final Award of the arbitration panel in substantial part mirrors relief that the Court previously ordered in the September 1 Order. With the exception of costs and attorneys' fees, the only relief awarded by the arbitration panel against Baer is a direction from the panel that Baer withdraw the liens against the vessel filed with the U.S. Coast Guard.[1]

Because of the arbitration panel's understandable reliance on this Court's September 1 Order as support for its findings, in the exercise of discretion, the Court will defer action on Absolute Nevada's motion to confirm the arbitration panel's Partial Final Awards of July 6, 2021 and August 5, 2021 as against Baer until seven (7) days after the termination of proceedings in the United States Court of Appeals for the Second Circuit on Baer's appeal of the September 1 Order. Similarly, the Court will defer action on Baer's "special appearance" that the Court has deemed to be a motion to intervene.

The Court has previously found a basis to enforce a March 25, 2020 Partial Final Award against Grand Majestic before the same arbitration panel. The Court has found the existence of an agreement containing a valid and enforceable arbitration provision and a duly constituted arbitration panel. (Order of May 17, 2021; Doc. 72).

The July 6 Partial Final Award awarded costs of $12,800, jointly and severally, against Grand Majestic and Baer plus interest of 5% after 30 days if the amount is not paid. It also awarded Absolute Nevada reasonable attorneys' fees in an amount to be determined.

---

[1] Recognizing the likely limits of its authority, the panel "respectfully request[ed]" that the U.S. Coast Guard delete the claim of lien, if Baer failed to comply with its direction.

Absolute Nevada filed its application with the arbitration panel to have the amount of the attorneys' fees set. The panel issued the August 5 Partial Final Award, awarding $15,884.13 plus panel fees of $525 to be enforced jointly and severally against Grand Majestic and Baer.

Grand Majestic has appeared in this action, has been served with the motion to confirm but has not filed opposition to the motion to confirm. Further, Grand Majestic is not affected by the September 1 Order and has filed no appeal. Because Absolute Nevada has come forward with evidence making a prima facie case that the two awards should be confirmed and the evidence has not been rebutted by Grand Majestic, the Partial Final Awards of July 6, 2021 and August 5, 2021 are confirmed as to Grand Majestic. D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).

CONCLUSION

The motion to confirm the July 6 and August 5 Partial Final Awards is granted as against Grand Majestic and stayed as against Baer. The motion (Doc. 80) is administratively terminated subject to reopening upon application of Absolute Nevada or Baer after the Court of Appeals decides Baer's appeal of the September 1 Order.

SO ORDERED.

_P. Kevin Castel_
United States District Judge

Dated: New York, New York
September 17, 2021

4