UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ABSOLUTE NEVADA, LLC.,

                         Plaintiff,                  19 cv 11479 (PKC)

   -against-

                                                    ORDER

GRAND MAJESTIC RIVERBOAT.,

                         Defendants.
-----------------------------------------------------------------x
CASTEL, District Judge:

        Today, the day of a scheduled hearing for the purpose, among others, of setting the remedy for the Court's prior finding of civil contempt, Joseph Baer has filed a "Motion to Recuse" the undersigned. The grounds cited are prior rulings of the Court adverse to Baer (described as "unjust" and in disregard of rules) and a purported antipathy towards unrepresented persons as evidenced by the Court's repeated admonition that Baer should consider retaining an attorney to represent him. For reasons to be explained the motion will be DENIED.

PROCEDURAL HISTORY

        Baer was adjudicated to be in civil contempt on September 1, 2020, more than two years ago based upon a violation of an Order issued on January 6, 2020. The acts giving rise to the adjudication of contempt took place in the period of June and July 2020. Baer has not complied with the Order since.

        Baer appealed the contempt finding to the United States Court of Appeals for the Second Circuit raising lack of subject matter jurisdiction, lack of personal jurisdiction, improper service of process and erroneous findings of civil contempt. (Absolute Nevada, LLC v Baer, 21-

…

50-cv.) The Second Circuit affirmed this Court concluding that it had subject matter jurisdiction and personal jurisdiction over Baer and that service of process on him was proper. (Summary Order of February 7, 2022.) It also affirmed the finding of contempt but remanded on the issue of the remedy so that the Court may "consider what is reasonable at this time under the facts." (Id. at 9.)

Baer moved to modify the Court's Order to permit him to appear remotely citing the high cost of travel and the national inflation rate. The Court denied that motion in its Order on November 3, 2022. (Doc. 122.) Because Baer may be a witness at the hearing on the appropriate fine to be imposed to coerce compliance with the Court's original Order, the Court Ordered Baer's physical appearance at the hearing. (Doc 122.) Thereafter, Baer moved for a stay of the November 21 hearing pending his petition for a writ of mandamus in the Second Circuit. Case No. 22-2929. In a written Order, the Court denied that application.

STANDARD ON A MOTION TO DISQUALIFY

The Supreme Court in Liteky v. United States, 510 U.S. 540, 555 (1994), reviewed the standards for disqualification not arising from the judge's acquisition of information from extra-judicial sources:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

…
2

A section 455(a) motion is "to be evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance." Id. at 548 (emphasis in the original). The Court also noted that "judicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion . . . ." Id. at 555. The Second Circuit, applying Liteky, has said that on a section 455(a) motion "[t]he question . . . is whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'" ISC Holding AG v. Nobel Biocare Finance AG, 688 F.3d 98, 107 (2d Cir. 2012) (quoting United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008)) (alteration in original).

DISCUSSION

Baer cites rulings adverse to him, including the finding of contempt which has been affirmed by the Second Circuit. He claims that the Court may not compel his attendance, ignoring the Court's finding of personal jurisdiction over him and proper service of process that has been affirmed by the Circuit. His disagreements and complaints are about judicial rulings that he has appealed or can in the future appeal. They are not grounds for disqualification.

Nor is the Court's advice that he should consider retaining an attorney to represent him. These admonitions in written orders are sound advice and should be considered by Baer. Civil contempt may expose a person to coercive fines and other relief including but not limited to confinement. The Court's written advice is not for its benefit or the benefit of any party other than Baer himself. The Court welcomes the participation of unrepresented persons.

CONCLUSION

Taken together and viewed as a totality, an objective, disinterested observer fully informed of the underlying facts would not entertain significant doubt that justice would be done in this action absent recusal of the undersigned. The "Motion for Recusal" is DENIED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
November 21, 2022