UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ABSOLUTE NEVADA, LLC,

                             Plaintiff,                      19-cv-11479 (PKC)

      -against-

                                                           <u>ORDER</u>

GRAND MAJESTIC RIVERBOAT COMPANY,
LLC,

                             Defendant.
-----------------------------------------------------------------x

CASTEL, District Judge:

        Joseph Baer was adjudicated to be in civil contempt of this Court on September 1, 2020, more than two years ago, based upon a violation of an Order issued on January 6, 2020. The acts giving rise to the adjudication of contempt took place in the period of June and July 2020 and are detailed in this Court's Order finding him to be in contempt. Baer has not complied with the Order since.

        Baer appealed the contempt finding to the United States Court of Appeals for the Second Circuit raising lack of subject matter jurisdiction, lack of personal jurisdiction, improper service of process and erroneous findings of civil contempt. (<u>Absolute Nevada, LLC v. Baer</u>, 21- 50-cv.) The Second Circuit affirmed, concluding that this Court had subject matter jurisdiction, personal jurisdiction over Baer and that service of process on him was proper. (Summary Order of February 7, 2022.) It also affirmed the finding of contempt but remanded on the issue of the remedy so that the Court may "consider what is reasonable at this time under these facts." (<u>Id.</u> at 9.)

        On November 21, 2022, the Court held a hearing on the post-remand setting of the remedy for the now affirmed finding of civil contempt. Baer was ordered to appear at the

1

hearing but did not. His efforts to modify or stay this Court's Order requiring him to appear at the November 21 hearing are set forth in prior Orders of this Court.

Underlying Finding of Contempt

The finding of civil contempt against Baer arises from his failure to abide the terms of the January 6, 2020 Stipulation and Order (the "January 6 Order"). (Doc 19.) The January 6 Order was directed to "Grand Majestic Riverboat Company, its officers, directors, shareholders, agents, employees, servants, attorneys, and all persons in active concert or participation with them." (Id. at 1.) Baer was owner, sole member and president of Grand Majestic Riverboat Company LLC ("Grand Majestic"). As this Court concluded, the January 6 Order made "clear that any claims arising from the failed charter must be brought through the New York arbitration and are limited to damages rather than any encumberment of the Subject Vessel." (Doc 51 at 14.) This Court further concluded "that claims related to alleged services rendered by Baer in order to 'get[] the [Subject Vessel] seaworthy and obtain[] a certificate of inspection from the Coast Guard' were related to the failed charter that was the subject of the [January 6 Order]." (Doc 51 at 15.) In violation of the January 6 Order, "Baer sent notice of a 'seaman's wage lien' on the Subject Vessel and later filed this lien with the U.S. Coast Guard." (Id.)

The Court concluded that Baer violated the January 6 Order when he "(1) brought a claim related to the failed charter outside of arbitration; (2) encumbered the Subject Vessel with a lien related to the failed charter; and (3) placed a lien on the Subject Vessel for a claim related to the failed charter." (Doc 51 at 17-18.) The "Subject Vessel" is the M/V Americana.

The Court Ordered the following remedy:

> If Baer has not come into compliance with the January 6, 2020 Stipulation and Order as well as this Opinion and Order, within 7 days of the filing of the aforementioned affidavit of service, a monetary sanction of $1,000 per day is imposed on Baer, with the amount of the monetary sanction doubling every 7 days thereafter until such time that he comes into compliance with the January 6, 2020 Stipulation and Order as well as this Opinion and Order by (1) withdrawing any and all liens against the Subject Vessel; and (2) paying any and all monetary sanctions incurred under this Opinion and Order into the Registry of this Court, which payments are subject to further Order of this Court.

(Doc 51 at 19-20.)  The contempt fines mounted during much of the appellate process and the Second Circuit remanded with instructions to set a remedy that is appropriate at this time.

Baer's Arguments Against Any Contempt Remedy

Before turning to the appropriate remedy for the finding of contempt, the Court addresses certain arguments raised by Baer in a "Motion to Dismiss for Lack of Standing," (Doc 105), and in an "Application for an Order to Show Cause," (Doc 108).  Baer is proceeding as an unrepresented person and is entitled to special solicitude.

Baer correctly notes that Absolute Nevada, LLC ("Absolute Nevada") sold the vessel M/V Americana in or about October or November 2021.  (See Doc 105 at 1; see also Doc 124 ¶ 2.)  He states that the vessel has been deleted from the Coast Guard registry and no longer has a valid Certificate of Inspection or issued Certificate of Documentation.  (Doc 105 at 1.)  He argues the case should be dismissed because "there is no longer any claim of lien against Absolute Nevada nor are they responsible for anything owed. . . . The lien follows the vessel and the question of settling the lien is now up to the new owners." (Id. at 2.)  In so asserting, he acknowledges that the lien continues to exist but argues that it is now solely the problem of the

3

buyer. His Application for an Order to Show Cause asserts that Absolute Nevada has failed provide evidence that it indemnified the vessel's new owners. (Doc 108 at 2-3.)

In response, Absolute Nevada has come forward with a copy of its Memorandum of Agreement with the buyer of the M/V Americana, authenticated by the declaration of the Managing Director of Absolute Nevada and redacted of confidential terms. (Doc 124; Doc 124-1 ("Memorandum of Agreement").) The Memorandum of Agreement expressly references Baer's lien and provides that Absolute Nevada indemnifies the buyer against "all consequences" of claims incurred prior to sale:

> [Absolute Nevada] warrant[s] that the Vessel, at the time of delivery, is free from all charters, encumbrances, mortgages and maritime liens, except for a lien in the amount of $17,095 established on June 15, 2020 and filed on July 1, 2020, Batch No. 77487500, with the National Vessel Documentation Center in favor of Joseph L. Baer . . . or any other debts whatsoever, and is not subject to Port State or other administrative detentions. [Absolute Nevada] hereby undertake[s] to indemnify the Buyers against all consequences of claims made against the Vessel which have been incurred Prior to the time of delivery.

(Memorandum of Agreement ¶ 9.) Elsewhere the responsibility of Absolute Nevada to remove Baer's lien was explicit:

> [Absolute Nevada] acknowledge[s] [its] responsibly for removal of the lien referred to in Clause 9 of this Agreement. Prior to closing, [Absolute Nevada] will file an appropriate motion in New York arbitration and/or Court proceedings styled Absolute Nevada, LLC v. Grand Majestic Riverboat Company, LLC and Joseph L Baer, requesting either (a) issuance of an Order directing the deletion and/or removal of the lien, or (b) an Order that a bond be posted by [Absolute Nevada] in lieu of said lien, reserving all [Absolute Nevada's] rights and defenses and payable against final judgment or settlement.

(Id. at ¶ 26).[1]

---

[1] Paragraph 26 also has language spelling out in greater detail Absolute Nevada's indemnification obligation.

4

The Court concludes that despite the sale of the vessel, Absolute Nevada retains the responsibility to remove Baer's lien and to bear all costs associated with the lien. While Baer's lien was relatively small in size, its existence has been an impediment to a sale or charter of the vessel with clear title. The Managing Director of Absolute Nevada declares under the penalty of perjury that Baer's actions "sabotage[ed]" Absolute Nevada's negotiations with Lockheed Martin to re-charter the vessel and has to date resulted in legal fees to Absolute Nevada in excess of $400,000. (Doc 124 at ¶ 12.)

The sale of the M/V Americana, subject to the obligation on the part of Absolute Nevada to remove the lien, does not moot the controversy or destroy Absolute Nevada's standing. Baer's assertion that because the M/V Americana was sold at what he views as a favorable price ("Twice the ship's actual fair market value") (Doc 108 at 1) does not lessen Absolute Nevada's retained obligation to remove the lien and indemnify the buyer for all costs associated with its continued existence.

Contempt Remedy

Beyond challenging the contempt finding and opposing any remedy, Baer has not given this Court much reason to believe that he will comply with this Court's January 6 Order though he has the power to do so. One cryptic comment made to the Court in an April 12, 2022 submission states that Baer believes his "best choice" is to "release the lien off the Abstract of Title of the MV Americana." (Doc 105 at 3.) Baer will be given yet another opportunity to extinguish or withdraw the lien.

As this Court previously noted, a purpose of a civil contempt sanction is to "coerce the contemnor into future compliance with the court's order." N.Y. State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1352 (2d Cir. 1989). Here in fashioning a remedy, the Court has considered "(1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." Id. at 1353; see also CE Int'l Res. Holdings LLC v. S.A. Minerals Ltd. P'ship, 12-cv-8087, 2013 WL 324061, at *3 (S.D.N.Y. Jan. 24, 2013). As noted, Baer's contumacious conduct has already caused considerable harm to Absolute Nevada. Baer claims that Grand Majestic is without resources and that he maintains a middle-class household. The Court lacks specificity beyond those assertions. The Court concludes that compliance would not be burdensome to Baer.

Baer shall fully comply with the January 6, 2020 Stipulation and Order as well as the Opinion and Order of September 1, 2020 by January 10, 2023, by withdrawing any and all liens against the Subject Vessel. If he has not done so by January 10, 2023, a monetary sanction of $500 per day will be imposed on Baer, with the amount of the monetary sanction doubling every 14 days until he has withdrawn any and all liens against the Subject Vessel. The amount of monetary sanction under this Order shall be capped at $500,000, excluding attorneys' fees, costs and actual damages, if any.

The Court has set a schedule for Absolute Nevada's separate application for attorneys' fees and costs. The Court also has under advisement Absolute Nevada's

motion to confirm certain arbitration awards against Baer (Doc 80) and Baer's motion to vacate (Doc 104).

The Motion to Set Remedy for the Affirmed Finding of Civil Contempt (Doc 98) is GRANTED in part.  The Motion to Dismiss (Doc 105) is DENIED.  The Clerk shall terminate the motions at Doc 98 and 105.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
November 22, 2022